**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALVIN BERNARD JEFFERSON, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16990** |
| **RANDY SMITH, ET AL.** | **SECTION: "B"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Calvin Bernard Jefferson, Sr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Sheriff Randy Smith, Warden Greg Longino, and Captain Payne. In his original complaint, plaintiff stated his claim as follows:

> I am currently in RHU "Restrictive Housing Unit" cell A-80 and do not have any sanctions or restrictions that prevent me from being moved. My housing status in RHU is not because of the nature of my charge, not for punitive or administrative segregation. I have made numerous complaints about this, both verbal and written, both formal and informal about the discrimination actions towards me. The "Warden" Longino assured me that I'd be moved to no avail. Again, I never received any action after filing more informal and formal complaints.[1]

To better understand the factual basis of that claim, the Court held a Spears hearing on January 12, 2017.[2] At that Spears hearing, plaintiff testified as follows:

Plaintiff entered the jail on May 10, 2012, and was immediately placed in the Restrictive Housing Unit. After approximately one month, he was transferred to "A Unit," a section of the

[1] Rec. Doc. 1, p. 5.

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

jail less restrictive than the Restrictive Housing Unit, but still more restrictive than some other units at the jail. However, after a disciplinary infraction, plaintiff was transferred back to the Restrictive Housing Unit in February of 2016, and he has remained there since that time. He has asked to again be placed in another unit, but he has "got into it with so many inmates" and has "a whole list of enemies" in the jail. As a result, he is being kept in the Restrictive Housing Unit.

Plaintiff stated that other pretrial detainees are housed throughout the jail in the various units. However, he has been told that he has always been placed in more restrictive housing areas due to the nature of his charge, i.e. the second degree murder of his wife. He does not believe that explanation because other pretrial detainees with first and second degree murder charges are not segregated from the general population. He believes that the real reason he has been treated differently is that the victim of his alleged crime was a Caucasian. Plaintiff noted that he also had a prior conviction from 2005 for accessory after the fact for armed robbery.

After the Spears hearing, plaintiff amended his complaint to add a claim that a newspaper article was delivered to his cell with a note stating, "I wish lynching was still legal." Plaintiff does not know who left him that note.[3] He then once again amended his complaint to provide the Court with a copy of the administrative grievance he submitted in December of 2016 complaining about his housing assignment.[4]

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

[3] Rec. Doc. 9, p. 1.
[4] Rec. Doc. 10.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[5] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[6] and fully considering his Spears hearing testimony, the undersigned recommends that plaintiff's claims be dismissed as frivolous and/or for failing to state a claim on which relief may be granted for the following reasons.

## II. Plaintiff's Claims

In the instant lawsuit, plaintiff challenges his housing assignment. However, "[a]n inmate lacks any constitutional interest in custodial classification, and his disagreement with his

[6] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

classification is insufficient to state a constitutional violation. Absent an abuse of discretion, federal courts will not interfere with prison officials' custodial classifications." Jennings v. Federal Bureau of Prisons, 344 Fed. App'x 954, 955 (5th Cir. 2009) (citation omitted). This is true of pretrial detainees as well as convicted inmates:

> Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. Furthermore, it is well settled that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status. Prison authorities may subject detainees to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution. Finally, since detainees have no cognizable liberty interest in their custodial classification, their ultimate classification remains a matter within the sound discretion of prison officials. Absent an abuse of that discretion, federal courts may not interfere with custodial classifications established by prison officials.

Burns v. Smith, Civ. Action No. 08-0428, 2009 WL 2825322, at *7 (W.D. La. Sept. 2, 2009) (citations, quotation marks, brackets, and ellipsis omitted).

Here, plaintiff cannot show any abuse of discretion, in that his particular set of circumstances could obviously warrant more restrictive housing apart from the jail's general population: he is charged with a serious and violent crime; he has a prior conviction; he has a disciplinary record at the jail; he has "got into it" with various inmates; and he has numerous enemies in the jail.

Moreover, even if plaintiff's claim is broadly construed as alleging an equal protection violation, it fares no better. To properly state an equal protection claim, a plaintiff's allegations must have two prongs: (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff's equal protection claim fails on

the first prong of that analysis, because he does not allege that he is being treated differently than "similarly situated individuals," i.e. detainees who share the same cumulative set of characteristics concerning criminal and disciplinary history, history of trouble with fellow inmates, and an abundance of enemies with the jail.

Lastly, the Court notes that plaintiff's amended complaint adds a claim that someone delivered a newspaper article to his cell with a note stating, "I wish lynching was still legal." That claim is clearly frivolous. As a preliminary matter, plaintiff does not know who left him the note, much less that it was one of the named defendants. However, even if it was one of the named defendants or another correctional officer, and even if the note is construed as a racist comment, the note does not rise to the level of a constitutional violation. See Orange v. Ellis, 348 Fed. App'x 69, 72 (5th Cir. 2009) ("[C]laims of verbal harassment do not reveal a constitutional violation. Mere words are not sufficient to support a Section 1983 claim." (citation omitted)); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir.) ("[A]n officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."), reh'g denied & opin. clarified on other grounds, 186 F.3d 633 (5th Cir. 1999); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); Dussett v. Jefferson Parish Correctional Center, Civ. Action No. 09-6462, 2010 WL 2076772, at *4 (E.D. La. Apr. 21, 2010) ("[T]he law is well settled the use of a racial epithet by a custodial officer does not give rise to a cause of action for violation of constitutional rights. Verbal harassment and abusive language, while unprofessional and inexcusable, are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983." (citation and quotation marks omitted)), adopted, 2010 WL 2008982 (E.D. La. May 18, 2010).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2017.

Daniel E. Knowles, III

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**